IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| KEITH FINLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 21-cv-2527-JTF-tmp |
| | ) |
| | )  No. 21-cv-2609-JTF-tmp |
| NICHOLAS ADLER, | ) |
| BROCK & SCOTT PLLC, | ) |
| and KONDAUR CAPITAL CORP., | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Keith Finley's complaint against Nicholas Adler, Brock & Scott PLLC ("Brock & Scott"), and Kondaur Capital Corporation ("Kondaur").[1] (ECF No. 1.) Because Finley is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned recommends that Finley's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

**I. PROPOSED FINDINGS OF FACT**

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Two prior federal court proceedings are relevant to the present action. On February 17, 2012, plaintiff Keith Finley filed a wrongful foreclosure action against defendant Kondaur and four other defendants in the Chancery Court of Shelby County for the State of Tennessee. See Finley v. Kondaur Capital Corp., 909 F. Supp. 2d 969, 973 (W.D. Tenn. 2012). In Count VII of that action, Finley asserted a claim to quiet title under Tennessee state law. Id. at 982. The action was removed to the Western District of Tennessee on March 9, 2012. Id. at 974. The district court in that case denied Kondaur's motion to dismiss Finley's quiet title claim because the court "possesse[d] insufficient information" to warrant dismissal. Id. at 982. On January 25, 2013, the court entered an Order and Judgment declaring Finley as the "mortgagor-in-possession" and that "any present mortgage foreclosure proceeding now pending or initiated by Kondaur but not yet filed in the courts of Tennessee is null and void and of no effect upon Finley's title to the premises." (Order and Judgment, Finley v. Kondaur Capital Corp., No. 12-cv-02197-WGY-dkv (W.D. Tenn. Jan. 25, 2013), ECF No. 43.) Importantly, however, the court noted that this Order was "without prejudice to Kondaur—once its paperwork was in order—initiating a new foreclosure proceeding should Finley remain in default on the mortgage." (Id. at 1–2.)

Subsequently, on November 19, 2013, Kondaur initiated a foreclosure/eviction action against Finley in the Circuit Court of Shelby County. (Circuit Court – Order Granting Summary Judgment at 2, Kondaur Capital Corp. v. Finley, No. 20-cv-2423-JTF-tmp (W.D. Tenn. Oct. 20, 2020), ECF No. 1-3.) On July 17, 2014, the Circuit Court denied Kondaur's first motion for summary judgment without prejudice, permitting Finley to produce certain evidence. (Objection to Report and Recommendation, Exhibit C at 1, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 9-3.) Following the Circuit Court's denial of the first summary judgment motion, Kondaur filed a Motion for Reconsideration and to Alter or Amend Judgment. (Circuit Court – Order Granting Summary Judgment at 2, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 1-3.) On August 29, 2014, the Circuit Court granted Kondaur's Motion for Reconsideration and granted summary judgment in favor of Kondaur, awarding Kondaur possession of the property and attorneys' fees in the amount of $14,430.00. (Id.) Finley alleged that the Circuit Court's hearing on the summary judgment motion took place without notice to him. (Notice of Removal at 2, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 1.) On February 6, 2015, the Circuit Court held an eviction hearing, which Finley also alleged occurred without proper service or notice to him. (Id.) Ultimately, on March 3, 2015, Finley was evicted from the property. (Id.)

On June 12, 2020, Finley filed a Notice of Removal. Id. On September 10, 2020, the undersigned Magistrate Judge entered a Report and Recommendation, recommending that the case be dismissed for lack of subject matter jurisdiction. (Report and Recommendations re Notice of Removal, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 8.) On September 22, 2020, Finley filed his Objections to the Proposed Findings and Recommendations, attaching a Memorandum/Order and a Judgment entered by the district court in Defendant's 2012 wrongful foreclosure action, the Circuit Court's July 17, 2014 denial of Plaintiff's motion for summary judgment, and an assignment of a deed of trust filed with the Register of Shelby County, Tennessee. (Objection to Report and Recommendations, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 9.)

On October 22, 2020, the district court adopted the Report and Recommendation and entered final judgment, dismissing the action for lack of subject-matter jurisdiction and remanding to the Shelby County Circuit Court. (Order Adopting Report and Recommendations; Judgment, Kondaur, No. 20-cv-2423-JTF-tmp, ECF No. 10; 11.)

On August 16, 2021, Finley filed this *pro se* complaint, alleging wrongful foreclosure. (ECF No. 1 at 1.) He also filed a motion to proceed *in forma pauperis*, which was granted on August 19, 2021. (ECF Nos. 2; 6.) In his complaint, Finley alleges that

- 4 -

defendants Adler and Brock & Scott "conspired to steal plaintiff's property" at 10111 Cross Ridge Road, Cordova, Tennessee 38018, while "acting as a 3rd party debt collector pretending to be collecting on behalf of some 3rd party corporation Kondaur Capital Corp. in violation of the [Fair Debt Collection Practices Act ("FDCPA")]." (ECF No. 1 at 1.) Finley alleges that Adler illegally filed a foreclosure petition against Finley's property and was the only person who signed the foreclosure documents "mak[ing] [Adler] the real plaintiff in the state foreclosure and not the lender." (Id.) Finley claims that because Adler failed to "provide a contract or affidavit" that showed he was working on behalf of a lender, he violated the FDCPA by making a "false misrepresentation" while collecting a debt. (Id. at 1-2.) Additionally, Finley alleges that "the attorneys are [] in violation of the Foreign Agent Registration [A]ct of 1938." (Id.)

Finley also claims that the Circuit Court lacked subject matter jurisdiction over the initial foreclosure claim because "[t]he promissory note used to gain the court's jurisdiction is fraudulent." (Id. at 3-4.) Finley raises several additional claims including violations of due process, slander of title, violations of the Tennessee Consumer Protection Act, and trespass; however, these claims are not supported by any facts. (Id. at 2-3; 6.) Finley seeks to have the court vacate the foreclosure judgment,

award punitive, declaratory, and compensatory damages, and restore his title to the property at 10111 Cross Ridge Road. (Id. at 7.)

On September 27, 2021, Finley filed a "notice of removal" under a different case number. (Finley v. Adler, No. 21-cv-2609-JTF-tmp, (W.D. Tenn. Sept. 27, 2021), ECF No. 1.) The only parties listed in the state court case are Finley and Kondaur. However, in the "notice of removal," Finley does not include Kondaur and instead lists Nicholas Adler and Shelby County Circuit Court Judge Gina C. Higgins as defendants and Finley as the plaintiff.

If the undersigned were to construe this filing as a notice of removal, it would be patently defective. See 28 U.S.C. § 1441. Under 28 U.S.C. § 1441 only defendants can remove a civil action from state court, and here, Finley has listed himself as the plaintiff. Additionally, in this new filing Finley has added parties that are not parties in the state court case. See id. Finley has also failed to pay the filing fee or submit an IFP application. Due to these deficiencies, the undersigned recommends that the Clerk be directed to close case number 21-cv-2609-JTF-tmp and to refile the document styled "Notice of Removal" under case caption 21-cv-2527-JTF-tmp.

Because this filing involves the same facts and many of the claims are identical to those in the case at bar, the undersigned construes this filing as an attempt to amend or supplement Finley's

- 6 -

original *pro se* complaint. Therefore, the undersigned will also screen that filing pursuant to 28 U.S.C. § 1915(e)(2).

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(if-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than

formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

   **1. 12(b)(6)**

Finley alleges that defendants Adler and Brock & Scott "pretend[ed] to be collecting on behalf of . . . [Kondaur]." (ECF No. 1 at 1.) Because Adler "failed to provide a contract or affidavit showing they were working on behalf of a lender," Finley claims that he violated "provisions defined in 15 U.S.C. Sec. 1692 false misrepresentation while collecting this debt." (Id. at 1-2.) Although he does not identify which provision he is alluding to, Finley presumably is referring to § 1692e: "False or misleading representations." Under this section, "a debt collector may not use any false, deceptive, or misleading representation or means in the collection of any debt." 15 U.S.C. § 1692e. Finley does not allege any facts that suggest misrepresentations on the part of Adler or Brock & Scott. On the contrary, Finley attaches to his

complaint a notice of foreclosure that is entirely in compliance with § 1692e. (ECF No. 1-1.) Finley fails to state a claim that Adler and Brock & Scott violated 15 U.S.C. § 1692. See Iqbal, 556 U.S. at 679. Finley brings the same claim in his "removal" filing against Adler. The claim fails for the reasons above. Id.

Finley raises several other claims including violations of due process, slander of title, violations of the Tennessee Consumer Protection Act, and trespass. (ECF No. 1 at 2-3; 6.) These claims include no factual allegations and merely consist of bare statements of law or elements. (See, e.g., Id. at 3)("The defendants have engaged in a pattern of unfair practices in violation of the Tennessee Consumer Protection Act of 1977 ~ 47-18-104, entitling the Plaintiff to damages, treble damages and reasonable costs pursuant to the statute"). Even liberally construed, see Williams, 631 F.3d at 383, the complaint provides nothing beyond conclusory allegations. It is devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Thus, these claims also fail under the Rule 12(b)(6) standard. Hill, 630 F.3d at 470-71.

Additionally, the complaint contains no factual allegations against Defendant Kondaur. When a complaint fails to allege any

action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### 2. Judicial Immunity

The court further finds that Finley fails to state an actionable claim against Judge Gina C. Higgins, Shelby County Circuit Court Judge, as she is entitled to absolute immunity. It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. Foster v. Walsh, 864 F.2d 416, 417–18 (6th Cir. 1988). Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which they preside. Mireles v. Waco, 502 U.S. 9, 11–12 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Because Finley's claims against Judge Higgins arise from her performance of a judicial function, and he has alleged no facts that support invoking one of the judicial immunity exceptions, Judge Higgins is entitled to absolute immunity from suit.

**C.   Lack of Subject Matter Jurisdiction**

   **1. Rule 12(b)(1)**

- 10 -

Under 28 U.S.C. § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." Bumpas v. Corr. Corp. of America, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

Finley alleges that "[t]he attorneys are also in violation of the Foreign Agent Registration Act of 1938." (ECF No. at 2.) In support of this claim, Finley writes, "Article I, Section 10 prohibits 'Titles of Nobility', issued by states. All attorneys have unlawfully accepted the title of 'Esquire'. Thus, they are clearly incompetent in law and should not be relied upon as a source of legal advice. Their acceptance of a 'British Atoned Registry' (B.A.R.)'Title of Nobility' establish their loyalty to the crown, which makes them [] 'Foreign Agents[.]'" (Id. at 5.) Finley argues that the state court lacks jurisdiction over the

dispute because "State court has no jurisdiction over a dispute between a State citizen and a foreign agent." (Id.) These allegations are clearly baseless and frivolous. Apple, 183 F.3d at 479. This claim fails under Fed. R. Civ. P. 12(b)(1). Finley raises the same claim in his "removal filing," where it again fails for the reasons stated above. Fed. R. Civ. P. 12(b)(1); Apple, 183 F.3d at 479.

### 2. Rooker-Feldman Doctrine

The undersigned submits that the court also lacks jurisdiction over the complaint pursuant to the Rooker-Feldman doctrine. D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923). Under the doctrine, federal courts do not have jurisdiction to review "complain[ts] of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." VanderKodde v. Mary Jane M. Elliot, P.C., 951 F.3d 397, 402 (6th Cir. 2020) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when "the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008). However, it does not apply if the federal plaintiff "asserts an independent claim" from the state court judgment, such as misconduct by an

- 12 -

opposing party or fraud in procuring a judgment. Brown v. First Nationwide Mortg. Corp., 206 F. App'x 436, 439 (6th Cir. 2006). "The inquiry then is the source of the injury the plaintiff alleges in the federal complaint." McCormic v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

Here, Finley is attempting to vacate the Circuit Court's judgment and reclaim title to his property. See Haller v. United States HUD, No. 11-881, 2012 WL 2829766, at *17 (S.D. Ohio July 10, 2012)("[T]he Sixth Circuit and lower courts within the Sixth Circuit have 'limited application of the doctrine to instances in which the litigant only seeks to reverse or set aside the state court judgment.'")(quoting Hines v. Franklin Sav. & Loan, No. 09-914, 2011 WL 882976, at *7-8 (S.D. Ohio Jan. 31. 2011)). Finley attempts to circumvent Rooker-Feldman by claiming that the Circuit Court's judgment was a result of the defendants' misconduct. However, because none of the allegations of misconduct are plausible or supported by factual allegations, Rooker-Feldman applies.

Finley also claims that the Circuit Court lacked subject matter jurisdiction over the initial foreclosure action. According to Finley, subject matter jurisdiction requires "1) A competent witness or notarized affidavit demonstrating an injury," and "2) a statutory or common law basis for a remedy of the injury." (Id.

- 13 -

at 3.) Finley claims that because attorneys cannot testify or "state a fact before the court," the state court lacked subject matter jurisdiction. In his "removal" filing, Finley claims that Judge Higgins violated the Administrative Procedures Act by "enforce[ing] the policy statement or guidance and . . . dismiss[ing]the plaintiff's legal claim without forcing the attorneys to prove jurisdiction on the court record to give the court jurisdiction to hear this dispute." (Notice of Removal at 2, Finley v. Adler, No. 21-cv-2609-JTF-tmp (W.D. Tenn. Sept. 27, 2021), ECF No. 1.) Finley does not identify which "policy statement or guidance" was wrongfully enforced.

This claim, while also baseless under Rule 12(b)(1), is subject to Rooker-Feldmen because the actions that Finley alleges caused him injury are the Circuit Court's exercise of jurisdiction and its ruling. Reguli v. Guffee, 371 F. App'x 590, 593 (6th Cir. 2010)(holding that claims that a juvenile court official "conspired" against plaintiff was insufficient to avoid dismissal under Rooker-Feldman where "[t]he injury alleged . . . was a direct result of the judicial order"); see also Stanley v. Hollingsworth, 307 F. App'x 6, 9 (7th Cir. 2009)(stating a federal plaintiff cannot avoid Rooker-Feldmen by alleging the misconduct of state-court opponents caused the adverse judgment in state court).

- 14 -

## IV. RECOMMENDATION

The undersigned recommends that the Clerk be directed to close case number 21-cv-2609-JTF-tmp and refile the document styled "Notice of Removal" under case caption 21-cv-2527-JTF-tmp. It is further recommended that the case be dismissed *sua sponte*.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 2, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**