## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **KEITH T. FINLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:21-cv-02527-JTF-tmp** |
| | ) | |
| | ) | **No. 2:21-cv-02609-JTF-tmp** |
| **NICHOLS ADLER, BROCK & SCOTT** | ) | |
| **PLLC, and KONDAUR CAPITAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE *SUA SPONTE*

Before the Court is *pro se* Plaintiff Keith T. Finley's complaint against Defendants Nicholas Adler, Brock & Scott PLLC, and Kondaur Capital Corporation (hereinafter, the "Complaint"), filed on August 16, 2021, pursuant to 15 U.S.C. § 1692. (ECF No. 1.) Defendant also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 2), which was granted by Chief Magistrate Judge Tu M. Pham (hereinafter, the "Chief Magistrate Judge") on August 19, 2021. (ECF No. 6.) On November 2, 2021, the Chief Magistrate Judge, upon screening the Complaint, entered a Report and Recommendation suggesting that the Complaint be dismissed *sua sponte* pursuant to U.S.C. § 1915(e)(2)(B)(i) and (ii). (ECF No. 12.)

On November 8, 2021, *pro se* Plaintiff filed First Amended Wrongful Foreclosure Complaint[1] against Defendants. (ECF No. 13.) On November 12, 2021, Defendant timely filed

---

[1] The Court notes that Plaintiff never filed a motion to request that the Court grant his amended Complaint. Additionally, Plaintiff states in his objections that "the Court should decline to follow the Chief Magistrate Judge's Report. First, the Report errs when it concludes that plaintiff has failed to state a claim, without giving plaintiff the opportunity to amend his complaint to correct any and all issues within it." (ECF No. 14, 2.) In support of Plaintiff's

1

Objections[2] to the Chief Magistrate Judge's Report and Recommendation.  (ECF No. 14.)  For the reasons below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation to **DISMISS** this case *sua sponte* and **DENY** Plaintiff's Objections.  Accordingly, the Clerk of Court is directed to close case number 21-cv-02609-JTF-tmp and refile the document styled "Notice of Removal" under case caption 21-cv-02527-JTF-tmp.

## FINDINGS OF FACT

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, the proposed findings of fact in this case, there being no factual objections filed by Plaintiff. [3]  (ECF No. 12, 1-7.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.

---

position, Plaintiff provides a Ninth Circuit Court of Appeals case that state "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be save by any amendment. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 965 (9th Cir. 2009). Upon review of the record, the Chief Magistrate Judge issued his Report and Recommendation on November 2, 2021, with objections to the report being due by November 16, 2021. (ECF No. 12.) The Court notes Plaintiff's filing of the amended complaint was after the Chief Magistrate Judge's Report and Recommendation. Filing an amended complaint without giving Defendants the opportunity to file a response in opposition is improper motion practice pursuant to LR 7.2. Moreover, an amended complaint is not tantamount to filing objections to the Chief Magistrate Judge's Report and Recommendation. Lastly, Plaintiff provides a Ninth Circuit Court of Appeals Case which a lower Sixth Circuit court does not have to follow.

[2] Plaintiff attached a blank form entitled, "Consent or Non-Consent to the Exercise of Jurisdiction by a United States Magistrate Judge where the Magistrate Judge has been directly Assigned as the Presiding Judge." (ECF No. 14-2, Exhibit B.) Plaintiff also provides the code section for 28 U.S.C. § 636 which gives an overview of the jurisdiction, powers, and temporary assignment for magistrate judges. (*Id.*)

[3] Plaintiff's does not make any factual objections to the Chief Magistrate Judge's proposed findings of fact. However, Plaintiff argues the case should not be dismissed because "jurisdiction has been challenged" and Plaintiff "demands the court order the Defendants to prove jurisdiction on the record." (ECF No. 14.) Also, Plaintiff asserts the Chief Magistrate Judge obstructed the administration of justice when he acted in this civil case without legal consent in violation of 28 U.S.C. § 636 and Fed. R. Civ. 73. (*Id.*) This Court disagrees with Plaintiff. As the Chief Magistrate Judge points out "pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate." (ECF No. 12.)

2

28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *See also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge.  *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures.  A district court must review dispositive motions under the *de novo* standard.").  Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge.  *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also* 28 U.S.C. § 636(b)(1).  The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, in cases where a *pro se* plaintiff has been granted leave to proceed *in forma pauperis*, the complaint must be screened under 28 U.S.C. § 1915(e)(2)(B).  LR 4.1(b).  Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous

or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

At the outset, to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *See also* Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F. 3d 365, 369 (6th Cir. 2011) quoting *Iqbal*, 556 U.S. at 678.  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  (*Id.* at 679.)

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, *pro se* litigants must adhere to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003).

Standard of Review for Lack of Subject Matter Jurisdiction

 "Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  When a court determines that it lacks subject matter jurisdiction, the court has an obligation to dismiss the case. Fed. R. Civ. P. 12(h)(3).  The court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term

4

encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America*, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) citing *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Plaintiff need not be given an opportunity to amend when a case is dismissed *sua sponte* on this basis." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## ANALYSIS

Because Plaintiff has filed Objections to the Chief Magistrate Judge's recommendation that this action be dismissed *sua sponte* for failure to state a claim, for a lack of subject matter jurisdiction, and that the *Rooker-Feldman* doctrine applies because none of the allegations of misconduct are plausible or supported by factual allegations, the Court reviews the Chief Magistrate Judge's Report and Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1). The Chief Magistrate Judge concluded that because Plaintiff did not plead factual allegations against Defendants to establish the existence of a claim, the Court lacks subject matter jurisdiction over this case for Plaintiff's failure to state a claim. Accordingly, the Chief Magistrate Judge recommended that this case be dismissed *sua sponte*. (ECF No. 12, 15.)

Plaintiff asserts the Chief Magistrate Report and Recommendation does not acknowledge the challenge of jurisdiction, or that Plaintiff's due process rights were violated when Plaintiff's property was illegally foreclosed, or the fact that despite being properly served not one of the Defendants has responded to Plaintiff's lawsuit. (ECF No. 14, 2.) Plaintiff also alleges in his

objections that the foreclosure statue used by the Chief Magistrate Judge is not valid law. (*Id.*) Plaintiff further indicate that the revised code or statute used by the Chief Magistrate Judge to foreclose against Plaintiff's property is a violation of his constitutional rights.  (*Id.*)  Plaintiff states "the court does not have jurisdiction if the law is not valid."  (*Id.* at 3.)

For the reasons set forth below, the Court **ADOPTS** the Chief Magistrate Judge's recommendation to dismiss this case *sua sponte*.  The Court finds that Plaintiff's objections do not adequately set forth any basis for federal subject matter jurisdiction because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's claim is subject to the *Rooker-Feldman* doctrine because the actions that caused Plaintiff's injury are the Circuit Court's exercise of jurisdiction and its ruling that govern.  (ECF No. 12, 14.)

### *Failure to State a Claim*

Plaintiff alleges Defendants "failed to provide a contract or affidavit showing they were working on behalf of a lender," which violates 15 U.S.C. § 1692 (e).  Under this section, "a debt collector may not use any false, deceptive, or misleading representation or means in the collection of any debt."  *See* 15 U.S.C. § 1692 (e).  The Court notes that the Chief Magistrate Judge emphasized that Plaintiff attached to the Complaint a notice of foreclosure that is entirely in compliance with 15 U.S.C. § 1692 (e).  (ECF No. 1-1.)  Furthermore, the Chief Magistrate Judge points out that Plaintiff does not allege any facts that suggest misrepresentations on the part of Defendants.

As stated above, "a claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Center for Bio-Ethical Reform, Inc.* 648 F.3d 365 at 369.  Moreover, to avoid dismissal for failure to state a claim, a complaint must contain sufficient factual matter that is plausible on

its face.   As to Plaintiff's allegation that Defendants failed to provide a contract or affidavit showing they were working on behalf of a lender, the Court finds that the Complaint lacks sufficient factual matter to survive dismissal for failure to state a claim.

Plaintiff raises other claims including violations of due process, slander of title, violations of the Tennessee Consumer Protection Act, and trespass.   (ECF No. 1, 2-3; 6.)   The Chief Magistrate Judge further indicate that these claims also include no factual allegations and merely consist of bare statements of law or elements.   (*Id.* at 3.)   After reviewing the record, the Court agrees with the Chief Magistrate Judge that the Complaint is comprised of conclusory allegations with no substantive proof.   Because the Complaint is lacking factual content, the Court is unable to conclude that Defendants are liable for the alleged misconduct that Plaintiff complains of.   Thus, the Court agrees with the Chief Magistrate Judge that these claims fail under the Rule 12(b)(6) standard of the Federal Rules of Civil Procedure.   Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's recommendation that this case be dismissed *sua sponte* for failure to state a claim.

<u>Lack of Subject Matter Jurisdiction</u>

As to the state court lacking jurisdiction over the dispute, the Chief Magistrate Judge concluded that Plaintiff's allegations that "state court has no jurisdiction over a dispute between a state citizen and a foreign agent" are clearly baseless and frivolous.   (ECF No. 12, 12.)   Plaintiff alleges that "[t]he attorneys are also in violation of the Foreign Agent Registration Act of 1938." (ECF No. 2.)   Plaintiff asserts, "Article 1, Section 10 prohibits 'Titles of Nobility' issued by states. All attorneys have unlawfully accepted the title of 'Esquire'.   Thus, they are clearly incompetent in law and should not be relied upon as a source of legal advice.   Their acceptance of a 'British

7

Atoned Registry' (B.A.R.) "Title of Nobility' establish their loyalty to the crown, which makes them 'Foreign Agents [.]'" (*Id.* at 5.)

As stated above, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, unsubstantial, or frivolous in nature. The Court finds the Complaint incredible and frivolous on its face.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's recommendation that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

*Judicial Immunity*

The Chief Magistrate Judge concluded that Plaintiff failed to state an actionable claim against Judge Gina C. Higgins, a Shelby County Circuit Court Judge, as she is entitled to absolute immunity.  It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 417-418 (6th Cir. 1988).  The exception to absolute immunity applies in only two situations: (1) when the conduct alleged is performed when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which they preside.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

After review of the record, the Court finds that Plaintiff claims against Judge Higgins incurred in her judicial capacity.  Further, the Court agrees with the Chief Magistrate Judge that Plaintiff alleged no facts to support invoking one of the judicial immunity exceptions.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's recommendation that Judge Higgins is entitled to absolute immunity from this suit.

*Rooker-Feldman Doctrine*

The Chief Magistrate Judge noted the Court lacks jurisdiction over the Complaint pursuant to the *Rooker-Feldman* doctrine. (ECF No. 12, 12; *See also D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923))).  The *Rooker-Feldman* doctrine bars federal jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Under the *Rooker-Feldman* doctrine, "if the source of the injury is the state court decision," the federal court lacks jurisdiction.  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *See also VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).  Therefore, the doctrine applies when "the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008).

In the case at hand, Plaintiff asks this Court to vacate the Circuit Court's judgment which would allow him to reclaim title to the property. "The Sixth Circuit and lower courts within the Sixth Circuit have 'limited application of the doctrine to instances in which the litigant only seeks to reverse or set aside the state court judgment.'" *Hines v. Franklin Sav. & Loan*, No. 09-914, 2011 WL 882976, at *7-8 (D.D. Ohio Jan. 31, 2011)).  The Chief Magistrate Judge indicated that "Plaintiff attempts to circumvent the *Rooker-Feldman* doctrine by claiming that the Circuit Court's judgment was a result of the Defendants' misconduct." (ECF No. 12, 13.)  The Court agrees since none of Plaintiff's allegations of misconduct against Defendants are plausible or supported by factual assertions.  Thus, the *Rooker-Feldman* doctrine applies in this case.

Additionally, the Court notes that Plaintiff claims the Circuit Court lacked subject matter jurisdiction over the initial foreclosure action.  According to Plaintiff, subject matter jurisdiction requires "(1) a competent witness or notarized affidavit demonstrating an injury, and (2) a statutory or common law basis for a remedy of the injury."  (ECF No. 1, 3.)  Plaintiff further claims that because "attorneys cannot testify or state a fact before the court, the state court lacked subject matter jurisdiction." (*Id.*)  Plaintiff asserts in his removal filing that Judge Higgins violated the Administrative Procedures Act by "enforcing the policy statement or guidance and dismissing the Plaintiff's legal claim without forcing the attorneys to prove jurisdiction."  (*Findley v. Adler*, No. 21-cv-02609-JTF-tmp (W.D. Tenn. September 27, 2021), ECF No. 1, Notice of Removal.))  The Chief Magistrate Judge points out that Plaintiff does not identify which "policy statement or guidance" was wrongfully enforced.  The Court agrees that without identifying the policy statement or guidance that Defendants wrongfully enforced, it puts the Court in the position of guesswork which supports the Chief Magistrate Judge's position regarding Plaintiff's ill-founded claim.

The Chief Magistrate Judge found that Plaintiff's additional claims are baseless under Rule 12(b)(1) of the Federal Rules of Civil Procedure and therefore subject to the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine applies because Plaintiff's allegations involving injury stem from the Circuit Court's exercise of jurisdiction and ultimately its ruling.  Plaintiff's case is analogous to *Reguli v. Guffee*.  There the Sixth Circuit held that even where it is alleged that a juvenile court official "conspired" against plaintiff, dismissal still could not be avoided under the *Rooker-Feldman* doctrine because "the injury alleged was a direct result of the judicial order." *Reguli v. Guffee*, 371 F. App'x 590, 593 (6th Cir. 2010).

The Chief Magistrate Judge concluded the *Rooker-Feldman* doctrine applies because jurisdiction over the Complaint is lacking.  Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's recommendation that none of the allegations of misconduct are plausible or supported by factual allegations. Thus, the Court agrees that the *Rooker-Feldman* doctrine controls.

## **<u>CONCLUSION</u>**

The Clerk of Court is directed to close case number 21-cv-02609-JTF-tmp and refile the document styled "Notice of Removal" under case caption 21-cv-02527-JTF-tmp.  The Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation to **DISMISS** this action *sua sponte* pursuant to U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS SO ORDERED** this 10th day of March, 2022.

<u>*s/ John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE